IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JILL BEZEK**, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil No. SAG-17-2902 |
| **FIRST NATIONAL BANK OF PENNSYLVANIA**, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On January 20, 2023, this Court entered a Memorandum Opinion and Order granting in part and denying in part Defendant First National Bank of Pennsylvania's motion for summary judgment, and granting in part and denying in part the cross-motion for summary judgment filed by class Plaintiffs Jill Bezek and Michelle Harris (collectively, "Plaintiffs"). ECF 115, 116. Relevant here, this Court granted summary judgment to Defendant on the appropriate method for calculating damages under the Real Estate Settlement Procedures Act ("RESPA"), concluding that the damages available to a RESPA plaintiff pursuant to 12 U.S.C. § 2607(d)(2) are calculated at treble the amount a borrower was overcharged for settlement services. ECF 115 at 29-33. Plaintiffs have now filed a motion asking this Court to reconsider that damages ruling or, in the alternative, to certify an order for immediate interlocutory appeal on the damages issue and stay this case pending resolution of that appeal. ECF 118. That motion is now fully briefed. *See* ECF 119, 120,

126.¹ No hearing is necessary. Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, Plaintiffs' motion for reconsideration or to certify an order for interlocutory appeal will be denied.²

## I. LEGAL STANDARDS

### A. Motion for Reconsideration

Federal Rule of Civil Procedure 54(b) provides that "any order or other decision" that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time" before entry of a final judgment. *See also Fayetteville Invs. v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469-70 (4th Cir. 1991) (approving the trial court's reference to Rule 54(b) in reconsidering its ruling on the defendant's Rule 12(b)(6) motion to dismiss); *Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 618 (D. Md. 2013) ("Motions for reconsideration of an interlocutory order are governed by Federal Rule of Civil Procedure 54(b) . . . ."). In this Court, motions for reconsideration must be filed within fourteen days after the Court enters the order.  Loc. R. 105.10 (D. Md. 2021).

While the Fourth Circuit has not clarified the precise standard applicable to motions for reconsideration, *Butler v. DirectSAT USA, LLC*, 307 F.R.D. 445, 449 (D. Md. 2015), it has stated that motions for reconsideration "are not subject to the strict standards applicable to motions for reconsideration of a final judgment" under Rules 59(e) and 60(b), *Carrero v. Farrelly*, 310 F. Supp. 3d 581, 584 (D. Md. 2018) (quoting *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003)). *See also Fayetteville Investors*, 936 F.2d at 1470 (expressing "vigorous[]

---

¹ Defendant filed an unopposed motion to file a sur-reply, ECF 124, which this Court previously granted, ECF 125.

² This Court will dispense with a summary of the factual background of this case, which has been summarized in several of its prior opinions.

disagree[ment]" with a trial court's use of a Rule 60(b) standard in reconsidering its previous order on a Rule 12(b)(6) motion). However, courts in this District frequently look to the standards used to adjudicate Rule 59(e) and 60(b) motions for guidance when considering Rule 54(b) motions for reconsideration. *Carrero*, 310 F. Supp. 3d at 584; *Butler*, 307 F.R.D. at 449; *Cohens v. Md. Dep't of Human Res.*, 933 F. Supp. 2d 735, 741 (D. Md. 2013).

Motions to amend final judgments under Rule 59(e) may only be granted "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Further, Rule 60(b) explicitly provides that a court may only afford a party relief from a final judgment if one of the following is present: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or misconduct by the opposing party; (4) voidness; (5) satisfaction; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). In light of this guidance, "[m]ost courts have adhered to a fairly narrow set of grounds on which to reconsider their interlocutory orders and opinions." *Blanch v. Chubb & Sons, Inc.*, 124 F. Supp. 3d 622, 629 (D. Md. 2015) (quoting *Nana-Akua Takyiwaa Shalom v. Payless Shoesource Worldwide, Inc.*, 921 F. Supp. 2d 470, 480-81 (D. Md. 2013)); *see also id.* ("Courts will reconsider an interlocutory order in the following situations: (1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice."). As a general matter, "'a motion to reconsider is not a license to reargue the merits or present new evidence' that was previously available to the movant." *Carrero*, 310 F. Supp. 3d at 584 (quoting *Royal Ins. Co. of Am. v. Miles & Stockbridge, P.C.*, 142 F. Supp. 2d 676, 677 n.1 (D.

3

Md. 2001)). Ultimately, the decision to reconsider interlocutory orders rests in this Court's "broad discretion." *Am. Canoe Ass'n*, 326 F.3d at 515.

### B. Motion to Certify an Order for Interlocutory Appeal

A district court may exercise its discretion to certify an order for interlocutory appeal where (1) the order "involves a controlling question of law," (2) there is "substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *Kennedy v. St. Joseph's Ministries, Inc.*, 657 F.3d 189, 195 (4th Cir. 2011).

Interlocutory appeal is intended to be an extraordinary remedy. As the Fourth Circuit has explained, it should be granted "sparingly and . . . [§ 1292(b)'s] requirements must be strictly construed." *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989). Unless "*all* of the statutory criteria are satisfied . . . 'the district court may not and should not certify its order . . . for an immediate appeal under section 1292(b).'" *Butler*, 307 F.R.D. at 452 (emphasis in original) (quoting *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000)). "Even if the requirements of section 1292(b) are satisfied, the district court has unfettered discretion to decline to certify an interlocutory appeal if exceptional circumstances are absent." *Manion v. Spectrum Healthcare Res.*, 966 F. Supp. 2d 561, 567 (E.D.N.C. 2013) (quotation omitted). Ultimately, "[t]he decision to certify an interlocutory appeal is firmly in the district court's discretion." *Randolph v. ADT Sec. Servs., Inc.*, Civ. No. DKC-09-1790, 2012 WL 273722, at *5 (D. Md. Jan. 30, 2012). In other words, district courts are permitted, not required, to certify an interlocutory appeal in certain extraordinary situations.

## II.    ANALYSIS

Plaintiffs' motion pertains to the portion of this Court's January 20, 2023 opinion that granted summary judgment to Defendant on the appropriate measure of damages available under 12 U.S.C. § 2607(d)(2) (hereinafter, "§ 2607(d)(2)"). Specifically, this Court concluded, after examining the text of § 2607(d)(2) and recent case law, that the provision entitles a successful RESPA plaintiff to three times *the amount they were overcharged* for settlement services received as a result of an illegal kickback—not, as Plaintiffs argued, three times the cost of all settlement services in a given transaction. ECF 115 at 29-33. Plaintiffs now seek reconsideration of that ruling or, in the alternative, ask this Court to certify the question of the proper scope of § 2607(d)(2) for interlocutory appeal.

### A.  Motion for Reconsideration

Plaintiffs point to four aspects of this Court's damages ruling that, in their view, constitute clear error. *See Blanch*, 124 F. Supp. 3d at 629 (stating that a Court will reconsider an interlocutory order or opinion if "the prior decision was based on clear error" (quotation omitted)). For the reasons discussed below, none of Plaintiffs' arguments satisfy the high bar to justify reconsideration.

First, Plaintiffs contend this Court "misapprehended" Plaintiffs' position, ECF 118 at 2, when it stated that Plaintiffs seek treble "the amount of *all* settlement services charged by Genuine Title, regardless of whether a specific charge was actually increased as a result of the kickback," ECF No. 115 at 30. But this Court was simply restating Plaintiffs' own arguments from their briefing. For example, in their Opposition to Defendant's summary judgment motion, Plaintiffs stated their position that "the amount that is trebled under 12 U.S.C. §2607(d)(2) [] is the total amount of title charges appearing in Section 1100 of each borrower's HUD-1." ECF 97-1 at 63;

5

*see also id*. at 43-45 (contending that the amount trebled is "the total charge for title and settlement services" paid by each borrower). Plaintiffs do not explain what aspect of these seemingly straightforward representations this Court has "misapprehended," or how repeating Plaintiffs' own position constitutes clear error warranting reconsideration.

Second, Plaintiffs claim this Court committed clear error by failing to address a declaration by Jay Zukerberg, the former president of the title company involved in the alleged kickback scheme, in which Zukerberg stated that his company would not have paid kickbacks if not for the profits from retained title insurance premiums. *See* ECF 100-1 ¶¶ 4-5. Plaintiffs argue that this evidence shows that the title insurance was a settlement service "involved in" a RESPA violation, and is therefore recoverable under § 2607(d)(2). Initially, this Court is not obligated to address every argument made by a party in support of, or in opposition to, a motion for relief. As a result, "the mere assertion that the Court 'ignored' evidence favorable to the Plaintiffs does not bestow on the movant legitimate grounds for reconsideration." *Craighead v. Full Citizenship of Md., Inc.*, Civ. No. PX-17-595, 2021 WL 50914, at *2 (D. Md. Jan. 6, 2021) (citing *Hutchinson*, 994 F.2d at 1081-82). Moreover, this Court's opinion was explicit in ruling that the damages available to a RESPA plaintiff under § 2607(d)(2) is treble the amount the plaintiff was *overcharged* for settlement services. The fact that "[t]he title company business model does not work without the retained premiums from title insurance," ECF 100-1 ¶ 5 (Zukerberg declaration), is irrelevant to the determination of whether Plaintiffs were actually overcharged for title insurance. Thus, there was no need for this Court to address Zukerberg's declaration as part of its opinion.

Third, Plaintiffs assert that this Court misinterpreted the text of § 2607(d)(2) by limiting RESPA's statutory damages to triple the amount of an overcharge. However, Plaintiffs' contentions on this point are essentially a repackaging of their previous statutory construction

arguments, supplemented by reference to additional authorities (such as RESPA's statutory and legislative history) that Plaintiffs failed to cite in their summary judgment briefing. While Plaintiffs seek a second bite at the apple, "'a motion to reconsider is not a license to reargue the merits or present new evidence' that was previously available to the movant." *Carrero*, 310 F. Supp. 3d at 584 (quoting *Royal Ins. Co. of Am.*, 142 F. Supp. 2d at 677 n.1); *see also Cezair v. JPMorgan Chase Bank, N.A.*, Civ. No. DKC-13-2928, 2014 WL 4955535, *2 (D. Md. Sept. 30, 2014) ("A Rule 54(b) motion may not be used to rehash previously rejected arguments."). More fundamentally, Plaintiffs fail to explain how this Court's statutory analysis can constitute clear error, when several other courts have considered this issue and reached the same conclusion regarding the proper scope of § 2607(d)(2). *See* ECF 115 at 31-32 (collecting cases). Indeed, the portion of Plaintiff's motion seeking interlocutory appeal expressly contends that a "substantial ground for difference of opinion" exists on the RESPA damages question, citing the split of authority on the issue. *See* ECF 118 at 15-17. Plaintiffs' contradictory arguments further underscore the lack of any clear error warranting reconsideration.[3]

Finally, Plaintiffs take issue with this Court's discussion of whether title insurance premiums that are fixed by statute can be claimed as part of a plaintiff's RESPA damages.

---

[3] In their reply brief, Plaintiffs cite to the Fourth Circuit's recent decision in *Laufer v. Naranda Hotels, LLC*, 60 F.4th 156 (4th Cir. 2023), as "provid[ing] even further reason why this Court's interpretation of § 2607(d)(2) is clear error." ECF 120 at 5. But *Laufer* was a case about standing for informational injuries. Specifically, the Fourth Circuit held that the plaintiff, a self-professed accommodations tester, had standing to seek declaratory and injunctive relief based on her allegations that reservation websites failed to provide her with accessibility information regarding defendant's hotel, thereby violating the Americans with Disabilities Act. *Laufer*, 60 F.4th at 166. The instant dispute does not involve standing, informational injuries, or a request for injunctive relief. Thus, nothing in *Laufer* constitutes an intervening change in the law that requires reconsideration. *See Blanch*, 124 F. Supp. 3d at 629. And Plaintiff's citation to a brief section of statutory analysis in *Laufer* does not alter this Court's conclusion that the best reading of § 2607(d)(2) is that the measure of damages available to a RESPA plaintiff is three times the amount of any overcharge.

Specifically, the Court's opinion noted that Maryland law requires that title insurance rates and premiums, which are filed by insurers with the state, cannot be altered by the title company as part of an individual transaction. *See* ECF 115 at 31 (citing Md. Code. Ann., Ins., §§ 11-403(a)(1), (c); 11-407(b)). Plaintiffs now attempt to clarify that, while the various rates filed by an insurer cannot be altered after filing, title companies may still overcharge individuals by failing to charge "discount" rates a borrower is entitled to, or by unnecessarily procuring enhanced policies with higher rates. Notably, Plaintiffs had not previously alleged that they or any class members were overcharged for title insurance in such a manner.[4] Moreover, if evidence were adduced that a title services provider intentionally procured unnecessarily expensive insurance policies so as to pass on the cost of kickbacks to the borrower, nothing in this Court's opinion precludes a factfinder from concluding that this constitutes a compensable overcharge under § 2607(d)(2).[5] Plaintiffs' final argument in favor of reconsideration is likewise meritless.

For the reasons stated above, Plaintiffs have failed to identify a clear error in this Court's opinion that requires reconsideration. Their motion for reconsideration will be denied.

---

[4] Plaintiffs now state that they intend to introduce evidence showing that the majority of class members were charged a higher filed insurance rate than they should have been. *See* ECF 118 at 9 n.3; ECF 120 at 13-14. Once again, Plaintiffs have not previously asserted such overcharges or pointed to evidence showing that class members were intentionally charged inflated insurance rates. However, this Court need not, as part of the instant motion, address whether Plaintiffs may introduce evidence in support of this overcharge theory moving forward or whether, as Defendant asserts, any such argument has been abandoned.

[5] Plaintiffs mischaracterize this Court's opinion when they assert that it "found that title insurance can *never* be a settlement charge trebled under § 2607(d)(2)." ECF 120 at 1. Once again, evidence that a title company wrongfully charged a borrower a higher filed insurance rate may support a finding that the borrower was overcharged as a result of an illegal kickback. Plaintiffs simply did not previously assert this theory or point to evidence of any such overcharges.

## B. Interlocutory Appeal

In the alternative, Plaintiffs seek to certify the appropriate measure of RESPA damages available under § 2607(d)(2) for interlocutory appeal.

Applying the three § 1292(b) factors to that damages question, this Court initially concludes that Plaintiffs have satisfied the second factor, which asks whether a "substantial difference of opinion" exists on the appropriate measure of RESPA damages. Both parties acknowledge the split of authority regarding the scope of § 2607(d)(2). And while subsequent caselaw has undermined the authorities Plaintiffs rely upon, as explained in this Court's memorandum opinion, ECF 115 at 31, there remain sufficient grounds for a difference of opinion with respect to the damages statute. Accordingly, this Court will proceed to analyze the first and third § 1292(b) factors.

Regarding the first factor, a "controlling question of law" is typically a question about the "meaning of a statutory or constitutional provision, regulation, or common law doctrine," as opposed to "questions of law heavily freighted with the necessity for factual assessment." *Butler*, 307 F.R.D. at 452 (quoting *Lynn*, 953 F. Supp. 2d at 623). "Certainly the kind of question best adapted to discretionary interlocutory review is a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, 1989 WL 42583, at *5 (4th Cir. 1989) (unpublished table decision). A "question also may be controlling 'if interlocutory reversal might save time for the district court, and time and expense for the litigants.'" *Coal. for Equity and Excellence in Md. Higher Educ. v. Md. Higher Educ. Comm'n*, Civ. No. 06-2773, 2015 WL 4040425, at *4 (D. Md. June 29, 2015) (quoting 16 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 3930 (3d ed. 2021)).

Here, the parties agree that the amount of damages trebled under § 2607(d)(2) is a purely legal question of statutory interpretation. They dispute, however, whether this question of law is "controlling." *See United States ex rel. Fitzer v. Allergan, Inc.*, Civ. No. SAG-17-668, 2022 WL 9974736, at *2 (D. Md. Oct. 17, 2022) (emphasizing that to merit interlocutory appeal, a "question of law must be 'controlling'"). Plaintiffs primarily argue that a definitive ruling on the damages issue will save time and expense by facilitating settlement discussions, whereas "no meaningful settlement efforts can occur" without such a ruling. ECF 118 at 14. On the one hand, the added certainty an appellate ruling would provide regarding the potential value of Plaintiffs' claims could help spur productive settlement discussions. On the other hand, Plaintiffs' representations regarding the likelihood of settlement are inherently speculative. This case has persisted for five-and-a-half years without settlement, and there is no guarantee that a ruling from the Fourth Circuit will suddenly spark fruitful negotiations that might avoid a trial. *See Fitzer*, 2022 WL 9974736, at *2 (question of law was not controlling where defendants' argument that a favorable ruling on appeal would control the outcome of the litigation "require[d] several levels of speculation"). More fundamentally, Plaintiffs' assertion that they have "no choice but to proceed to trial" absent an interlocutory appeal, ECF 118 at 14, is simply incorrect. While Plaintiffs may disagree with this Court's damages ruling, this fact does not preclude good faith settlement discussions or provide a basis for interlocutory appeal. Any settlement discussions that might occur could take into account the likelihood that an eventual post-trial appeal of the damages issue might succeed. In short, it is not at all clear that an immediate appeal of the damages issue will save time and expense by increasing the chances of settlement.

Even if Plaintiffs could establish that the damages issue is a controlling question of law, they cannot show that an immediate appeal will "materially advance the ultimate termination of

the litigation." § 1292(b). "The material advancement requirement is met in exceptional circumstances that will avoid protracted and expensive litigation." *Clark v. Bank of Am., N.A.*, Civ. No. SAG-18-3672, 2020 WL 3868990, at *4 (D. Md. July 9, 2020) (quotation omitted). In weighing this factor, "a district court should consider whether an immediate appeal would: (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." *Fitch v. Maryland*, Civ. No. PJM 18-2817, 2022 WL 2106101, at *6 (D. Md. June 10, 2022) (quotation omitted).

Once again, Plaintiffs primarily argue that interlocutory appeal will eliminate the need for trial by facilitating a settlement between the parties. But this speculative argument is insufficient on its own for the reasons explained above. Indeed, this Court has held, in analyzing the third § 1292(b) factor, that certification is inappropriate where "a party's motion relies *exclusively* on the speculative prospect of facilitating settlement." *Price v. Atl. Ro-Ro Carriers, Inc.*, Civ. No. CCB-11-1735, 2014 WL 7358729, at *2 (D. Md. Dec. 22, 2014) (emphasis in original); *see also id*. (concluding that an alternative conclusion "would threaten to expand the scope of § 1292(b) well beyond the narrow range of extraordinary circumstances for which it is reserved"). Plaintiffs' only other argument is that interlocutory appeal will simplify trial because they will otherwise be required to present evidence for two separate damage measures—one based on Plaintiffs' more expansive interpretation of § 2607(d)(2), and another based on this Court's overcharge ruling—in order to preserve the issue for appeal. ECF 118 at 14. But the scope of § 2607(d)(2) is a question of law that has been briefed and ruled upon by this Court. The issue is preserved for appeal, and there is no need for Plaintiffs to put on separate damages cases at trial, nor will such cases be permitted. Finally, there is no concern here regarding the cost or complexity of discovery absent

11

an interlocutory appeal, *see Fitch*, 2022 WL 2106101, at *6, as discovery has already been completed in this case.

As a more general matter, Plaintiffs' contention that interlocutory appeal will materially advance this litigation ignores that this case, and the other related RESPA cases currently pending before this Court, are already quite old. This action was filed in September, 2017. ECF 1. Five-and-a-half years later, the parties have completed discovery and finally stand on the precipice of trial. Of course, there is some risk that, if the Fourth Circuit ultimately disagrees with this Court's damages ruling, the case could need to be tried twice. But an order certifying the damages issue for interlocutory appeal will *guarantee* an additional indefinite delay in this case, and potentially in the related and equally aged RESPA actions referenced above.[6] Against this certain delay, Plaintiffs offer only the hypothetical assertion that interlocutory appeal could increase the chance of a possible settlement once an appellate ruling has been issued. Ultimately, this Court concludes that the best way to move this years-old case toward eventual disposition is to proceed to trial. As a result, Plaintiffs' motion to certify an order for interlocutory appeal, and to stay this case pending resolution of that appeal, will be denied.

### III. CONCLUSION

For the reasons set forth above, Defendants' motion for reconsideration or, in the alternative, to certify an order for interlocutory appeal, ECF 118, will be DENIED. A separate order follows.

Dated: March 20, 2023

                                               /s/
Stephanie A. Gallagher
United States District Judge

---

[6] Indeed, the class plaintiff in a related case involving identical RESPA claims, who is represented by the same counsel as Plaintiffs in this action, has moved to stay proceedings in that case pending the resolution of the instant motion and any resulting interlocutory appeal. *See Edmondson v. Eagle Nat'l Bank*, Civ. No. SAG-16-3938, ECF 151.